UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHUKUDI WOMACK,

        Plaintiff,

v.

JOHN DAVIDS et al.,

        Defendants.

Case No. 1:19-cv-204

Honorable Paul L. Maloney

_____/

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.    Factual allegations

      Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Ionia Correctional Facility (ICF) in Ionia, Michigan. The events about which he complains occurred at that facility. Plaintiff sues ICF Warden John Davids; Deputy Warden

Robert Vashaw; Prisoner Counselor Unknown McQuiston; Residential Unit Managers Unknown Briege and Unknown Davis; Corrections Officer and/or Mental Health Worker Unknown Bookie; and Mental Health Worker Unknown Zimmer.

Plaintiff alleges that, on November 28 and 29, 2018, he told ICF staff that he was under a real danger if they took him from segregation and placed him in the general population. He claims the "named defendants disregarded PLAINTIFF[']S pleas for protection and instead forced the PLAINTIFF to walk into General population unit #5, also widely known to all staff members and prisoners to house the notorious gang members known as the 'Bloods.'" (Compl., ECF No. 1, PageID.4.) Plaintiff told Defendants that the Bloods had put a hit on him because Plaintiff had assaulted a gang member. (*Id.*, PageID5.)

After Defendants returned Plaintiff to the general population, Plaintiff filed a grievance against them. The grievance responses indicated that Plaintiff would not provide information with regard to who was threatening him. Plaintiff acknowledges that he would not give the information out loud, within earshot of others, but claims he was willing to do so in private. He apparently was either unwilling or unable to do that at the Security Classification Committee review on November 28. Plaintiff claims that the Defendants retaliated against him for filing the grievance by placing him in the general population "in a housing unit swarming with gang members trying to kill [Plaintiff]." (*Id.*, PageID.7.)

Plaintiff seeks compensatory, punitive, and exemplary damages exceeding $500,000.00.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl.*

2

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff claims that Defendants by placing him in the general population

3

violated his Eighth Amendment rights and, further, that they did so in retaliation for his grievance, thereby violating his First Amendment rights as well.

>   III.   Eighth Amendment

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cty. of Medina*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.")

Plaintiff claims that he feared an attack. When Defendants attempted to evaluate the risk of injury that Plaintiff feared, he declined to identify any prisoner who posed a threat. Thus, Plaintiff failed to offer the Defendants—and now fails to offer this Court—any facts to support the inference that his fear was reasonable or that it reflected an actual risk of injury. Although Plaintiff is not required to show an actual attack, the several months that have passed without incident since Defendants allegedly exposed him to a swarm of gang members bent on killing him supports the inferences that Plaintiff's fear was not reasonable, that he was not subject to an actual risk of injury, and that Defendants were not deliberately indifferent to an actual risk of injury. Accordingly, Plaintiff has failed to state an Eighth Amendment claim.

4

IV.     First Amendment Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Thus, Plaintiff has alleged the first element of a retaliation claim. But, even if Defendants' conduct in returning Plaintiff to the general population constitutes adverse action, Plaintiff has failed to allege facts that show the impermissible retaliatory motive. Plaintiff cannot show that Defendants were motivated by Plaintiff's filing of the grievance when they returned him to the general population because when Defendants returned Plaintiff to the general population, Plaintiff had not yet filed his grievance. Plaintiff filed his grievance *because* Defendants returned him to the general population. Plaintiff does not allege any protected conduct that preceded his alleged adverse action. Accordingly, he fails to state a First Amendment retaliation claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: April 17, 2019             /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  United States District Judge